IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| LARRY EUGENE JOHNSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 2:16-cv-04129-NKL |
| GEORGE LOMBARDI, *et al.*, | ) ) ) |
| Defendants. | ) ) |

**ORDER**

Plaintiff Larry Eugene Johnson, an inmate, brings this suit alleging Sixth and Eighth Amendment violations under Section 1983 and a violation of the Missouri Sunshine Law under Mo. Rev. Stat § 610.023.3. Before the Court is Defendant Carey Markley's Motion to Dismiss [Doc. 12]. For the following reasons, the motion is granted in part and denied in part.

**I. Background[1]**

Plaintiff Larry Johnson is an inmate at the Algoa Correctional Center in Jefferson City, Missouri. According to Johnson's complaint, the Defendants—all corrections officers, directors, wardens, or other prison staff members—have repeatedly retaliated

---

[1] These facts appear in Johnson's complaint. [Doc. 1]. For purposes of deciding Defendant Markley's motion to dismiss, the Court accepts Johnson's factual allegations as true and construes them in the light most favorable to him. *See Stodghill v. Wellston Sch. Dist.,* 512 F.3d 472, 476 (8th Cir. 2008).

1

against Johnson for his attempts to file and pursue inmate grievances, meet in confidence with his attorneys, and defend himself at disciplinary hearings.

The complaint provides several examples of these episodes. First, beginning in 2015, Johnson's meetings and phone calls with his counsel were monitored by corrections officers. Second, Johnson was placed in administrative segregation after he fell in the shower and injured his face. Third, Johnson ordered legal materials in advance of a disciplinary hearing, but these materials were not delivered for four months. Fourth, while Johnson was required to sign a form acknowledging he received a copy of the Missouri Department of Corrections' Offender Rulebook, he did not, in fact, actually receive a copy. Johnson's mail was also searched; when his attorney attempted to send him a copy of the Offender Rulebook, it was found and confiscated. Fifth, Johnson was forced to attend a disciplinary hearing without his attorney. He was given a sentence at this hearing that exceeded the allowable sentence under DOC rules and extended his confinement period by three months.

Sixth, Johnson was not provided medical care for a serious toothache. He first sought care by filing multiple Medical Service Request forms, which were ignored. Johnson then presented to Defendant John Doe Markley, a doctor, in an attempt to receive medical attention. Dr. Markley asked Johnson to sign a liability release; when Johnson refused, Dr. Markley slammed shut the prison cell's chuckhole door, cutting him in the face. On later attempts to receive medical care, Dr. Markley and his staff, including Dr. Markley's spouse, Defendant Carey Markley, repeatedly delayed Johnson's appointment to have his tooth extracted. When the appointment finally took place,

2

Johnson was forced to sign a waiver and the tooth was then removed in an unnecessarily painful manner.

## II.     Discussion

To survive a motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when its allegations rise above the "speculative" or "conceivable," *Twombly*, 550 U.S. at 547, and where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678. Such a complaint will be liberally construed in the light most favorable to the plaintiff. *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008).

Defendant Carey Markley asks the Court to dismiss the two counts alleged against her: Count IV, which charges Markley with an Eighth Amendment violation for failing to provide medical care, and Count V, where Markley is charged with failing to implement a constitutionally-adequate administrative grievance process. Markley argues that Johnson has not sufficiently pled the elements of either claim.

In the alternative, under Federal Rule of Civil Procedure 12(e), Markley moves for a more definite statement regarding the date Johnson sought medical care, the dates of his scheduled appointments, the date upon which he was refused medical treatment, the

3

amount of time he suffered tooth pain, and the extent of the alleged conspiracy reached between Markley and her spouse, Defendant John Doe Markley, to punish him.

### A. Count IV

Markley maintains that Johnson has not sufficiently pled his Eighth Amendment violation under Count IV. In her motion to dismiss, Markley notes that the complaint "never specifically allege[s] that [Markley] was deliberately indifferent to [Johnson's] medical needs and care." [Doc. 13, p. 4]. Further, because mere negligence or medical malpractice does not rise to a constitutional violation, Markley asserts Johnson must "allege what [Markley] specifically did that constituted cruel and unusual punishment." *Id*.

Yet the specificity sought by Markley does not reflect the pleading standard. In the Eighth Circuit, a prisoner or detainee must demonstrate "deliberate indifference" to support an allegation of constitutionally-deficient medical care. *Barton v. Taber*, 820 F.3d 958, 964–65 (8th Cir. 2016). While deliberate indifference is, therefore, a necessary component of Johnson's claim, this does not mean that the term itself—or any other particular words or formulas—must be expressly mentioned in the complaint. *See, e.g., Whitington v. Ortiz*, 307 F. App'x 179, 189 (10th Cir. 2009) ("We likewise disagree with the conclusion that the complaint does not sufficiently allege deliberate indifference to the situation. Although the exact term was not used, the mental state of at least most of the defendants was directly or by implication alluded to."); *Brown v. Mitchell*, 308 F. Supp. 2d 682, 702 (E.D. Va. 2004) ("Although the Complaint does not use the preferred term "deliberate indifference," the words "willful disregard" convey a sufficiently similar

4

meaning."); *Robert G. v. Newburgh Sch. Dist.*, 1990 WL 3210, at *2 (S.D.N.Y. Jan. 8, 1990) ("Although the complaint does not use the conclusory term "deliberate indifference," the Court reads the complaint as alleging facts from which deliberate indifference by the defendants can be inferred.").

Rather, because deliberate indifference demands "both an objective and subjective analysis," *Scott v. Benson*, 742 F.3d 335, 340 (8th Cir. 2014), a complaint must merely (1) "plead facts sufficient to demonstrate that [the plaintiff] suffered from an objectively serious medical need" and (2) plead that the defendant "actually knew" about, and disregarded, this risk to the plaintiff's health. *Barton*, 820 F.3d at 964-65. An objectively serious medical need is "one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997). As to the subjective component, "a complaint must allege facts that demonstrate more than negligence, more even than gross negligence." *Barton*, 820 F.3d at 965 (*quoting Fourte v. Faulkner County*, 746 F.3d 384, 387 (8th Cir. 2014) (internal quotation marks omitted)).

Johnson has sufficiently alleged both the objective and subjective components of a denial-of-care claim. On the objective front, Johnson alleges he suffered a "severe" and "extreme[ly] pain[ful]" toothache, but when he sought treatment Markley "unnecessarily cancelled or delayed" multiple dental appointments. [Doc. 1, p. 13, ¶ 55; Doc. 1, p. 17, ¶ 79]. At this stage in the litigation, these allegations are sufficient to demonstrate an objectively serious medical need. *See Mosely v. Highsmith*, 311 F. App'x 932, 933 (8th

5

Case 2:16-cv-04129-NKL   Document 35   Filed 08/09/16   Page 5 of 8

Cir. 2009) (plaintiff stated an Eighth Amendment claim by alleging that defendants denied treatment for tooth pain over a six-month period). *See also Moore v. Jackson*, 123 F.3d 1082, 1084-87 (8th Cir. 1997) (denying defendants summary judgment where plaintiff complained of tooth pain and medical care was delayed eight months); *Boyd v. Knox*, 47 F.3d 966, 969 (8th Cir. 1995) ("A three-week delay in dental care, coupled with knowledge of the inmate-patient's suffering, can support a finding of an Eighth Amendment violation under section 1983.").

Johnson's complaint further alleges that Markley knew about this medical need because he "filed multiple Medical Service Request forms," [Doc. 1, p. 12, ¶ 50], and Markley was "responsible for scheduling inmate medical treatment," [Doc. 1, p. 17, ¶ 78].[2] Yet Markley disregarded Johnson's medical need by "fail[ing] to schedule [him] for medical appointments" with the purpose of "punish[ing] him." *Id*. Again, these allegations are sufficient at this stage of the litigation. Johnson makes clear in his complaint that Markley's actions were not negligent or grossly negligent, but rather intentionally calculated to cause severe pain.

Given that Johnson has pled the objective and subjective components of "deliberate indifference," he has provided Defendants fair notice of his Eighth

---

[2] In her reply brief, Markley contends she is not responsible for scheduling inmate appointments. When considering a motion to dismiss, however, a court must accept all allegations in the complaint as true. *Stodghill,* 512 F.3d at 476. The Court presently declines to question the factual allegations made in Johnson's complaint.

6

Amendment claim and is not required to use any particular terms or assert any additional, specific facts at this time.[3]  Defendant Markley's motion to dismiss Count IV is denied.

### B. Count V

In Count V of his complaint, Johnson alleges that several Defendants, Carey Markley among them, implemented and administered a constitutionally-deficient inmate grievance system.  Specifically, because this system did not provide for the tracking or auditing of inmate grievances, Johnson claims that Defendants Lombardi, Lawrence, Bollinger, and "staff" abrogated their affirmative duty under the Prison Litigation Reform Act, 42 U.S.C. § 1997e, a failure that amounts to an Eighth Amendment deprivation. [Doc. 1, p. 18, ¶ 84].

Markley argues that Johnson has not stated a claim against her under Count V. She points out that her name is not mentioned in Count V's factual allegations, nor does Johnson allege she owed him any statutory duty.

Johnson does not address Count V in his suggestions in opposition.  *See* [Doc. 22]. Accordingly, the Court finds he has abandoned this claim.  Johnson's Count V claim against Carey Markley is dismissed.

## III. Conclusion

---

[3]    Along these lines, while Markley moves in the alternative for a more definite statement, she does not explain why the specific facts she seeks must be included in the complaint.  The facts currently contained within Johnson's complaint are sufficient to state an Eighth Amendment claim, as discussed above.  *See Twombly*, 550 U.S. at 570 (plaintiffs must merely allege "enough facts" to plausibly state a claim for relief).  The parties can pursue additional material facts in discovery.

7

For the foregoing reasons, Defendant Carey Markley's Motion to Dismiss [Doc. 12] is granted in part and denied in part. The claims alleged against Carey Markley under Count V are dismissed. However, Markley's motion to dismiss Count IV is denied.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: August 9, 2016
Jefferson City, Missouri