IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| LARRY EUGENE JOHNSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 2:16-cv-04129-NKL |
| GEORGE LOMBARDI, *et al.*, | ) ) ) |
| Defendants. | ) |

**ORDER**

Plaintiff Larry Eugene Johnson, an inmate, brings this suit alleging Sixth and Eighth Amendment violations under Section 1983 and a violation of the Missouri Sunshine Law under Mo. Rev. Stat § 610.023.3. Before the Court is Defendant Earnest Jackson's Motion to Dismiss [Doc. 45]. For the following reasons, the motion is granted in part and denied in part.

**I.   Background[1]**

Plaintiff Larry Johnson is an inmate at the Algoa Correctional Center in Jefferson City, Missouri. Defendant Earnest Jackson, D.M.D., is a dentist who treats patients at the Algoa Correctional Facility. According to Johnson's amended complaint, the Defendants—all corrections officers, directors, wardens, or other prison staff members—have repeatedly retaliated against Johnson for his attempts to file and pursue inmate grievances, meet in confidence with his attorneys, and defend himself at disciplinary hearings.

---

[1]   These facts appear in Johnson's amended complaint. [Doc. 40]. For purposes of deciding Defendant Jackson's Motion to Dismiss, the Court accepts Johnson's factual allegations as true and construes them in the light most favorable to him. *See Stodghill v. Wellston Sch. Dist.*, 512 F.3d 472, 476 (8th Cir. 2008).

1

The amended complaint provides several examples of these incidents. First, beginning in 2015, Johnson's meetings and phone calls with his counsel were monitored by corrections officers. Second, Johnson was placed in administrative segregation after he fell in the shower and injured his face. Third, Johnson ordered legal materials in advance of a disciplinary hearing, but these materials were not delivered for four months. Fourth, while Johnson was required to sign a form acknowledging he received a copy of the Missouri Department of Corrections' Offender Rulebook, he did not, in fact, actually receive a copy. Johnson's mail was also searched; when his attorney attempted to send him a copy of the Offender Rulebook, it was found and confiscated. Fifth, Johnson was forced to attend a disciplinary hearing without his attorney. He was given a sentence at this hearing that exceeded the allowable sentence under DOC rules and extended his confinement period by three months.

Sixth, Johnson was not provided medical care for a serious toothache. He first sought care by filing multiple Medical Service Request forms, which were ignored. Johnson then presented to Dr. Jackson and Defendant Glenn Markley, a correctional officer, in an attempt to receive medical attention. Markley and Dr. Jackson asked Johnson to sign a liability release; when Johnson refused, Markley slammed shut the prison cell's chuckhole door, cutting him in the face.

On later attempts to receive dental care, Dr. Jackson and his staff rescheduled and delayed Johnson's appointments for "several weeks." Dr. Jackson told Johnson "that he remembered him from his refusal to sign the release and that he was a 'trouble maker,'" and "would therefore not be treated until a later date." [Doc. 40, p. 15]. When the appointment eventually took place, Johnson was forced to sign a waiver and the tooth was then removed in an unnecessarily painful manner.

## II. Discussion

### A. Dr. Jackson's Motion to Dismiss

To survive a motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when its allegations rise above the "speculative" or "conceivable," *Twombly*, 550 U.S. at 547, and where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678. Such a complaint will be liberally construed in the light most favorable to the plaintiff. *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008).

Defendant Dr. Earnest Jackson asks the Court to dismiss the two counts alleged against him: Count IV, which charges Dr. Jackson with an Eighth Amendment violation for failing to provide medical care, and Count V, where Dr. Jackson is charged with failing to implement a constitutionally-adequate administrative grievance process. Dr. Jackson argues that Johnson has not sufficiently pled the elements of either claim.

#### 1. Count V

In Count V of his complaint, Johnson alleges that several Defendants, Dr. Jackson among them, implemented and administered a constitutionally-deficient inmate grievance system. Another Defendant, Carey Markley, advanced a similar argument in favor of her Motion to Dismiss, [Doc. 12]. In light of the Court's ruling on that motion, [Doc. 35], Plaintiff consents to dismissing Count V against Earnest Jackson.

3

### 2. Count IV

Dr. Jackson maintains that Plaintiff has not sufficiently pled his Eighth Amendment violation under Count IV. In his motion to dismiss, Dr. Jackson notes that the amended complaint "provided no facts to support his allegations" other than Johnson's own perception of the severity of his toothache. [Doc. 46, pp. 4–5].

In the Eighth Circuit, deliberate indifference demands "both an objective and subjective analysis." *Scott v. Benson*, 742 F.3d 335, 340 (8th Cir. 2014). An objectively serious medical need is "one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997). As to the subjective component, "a complaint must allege facts that demonstrate more than negligence, more even than gross negligence." *Barton*, 820 F.3d at 965 (*quoting Fourte v. Faulkner County*, 746 F.3d 384, 387 (8th Cir. 2014) (internal quotation marks omitted)).

Johnson has sufficiently alleged both the objective and subjective components of a denial-of-care claim. On the objective prong, Johnson alleges he suffered a "serious" and "extreme[ly] pain[ful]" toothache, but when he sought treatment Dr. Jackson "unnecessarily and in bad faith rescheduled and delayed" multiple dental appointments, and when the tooth was finally extracted, "was done in a manner that was more painful than necessary." [Doc. 40, p. 14, ¶ 62; Doc. 40, p. 15, ¶¶ 67–69]. At this stage in the litigation, these allegations are sufficient to demonstrate an objectively serious medical need. *See Boyd v. Knox*, 47 F.3d 966, 969 (8th Cir. 1995) ("A three-week delay in dental care, coupled with knowledge of the inmate-patient's suffering, can support a finding of an Eighth Amendment violation under section 1983.").

Regarding the subjective prong, Johnson's complaint further alleges that Jackson knew about this medical need because he "filed multiple Medical Service Request forms," [Doc. 40, p. 14, ¶ 62], but Dr. Jackson and his staff rescheduled and delayed Johnson's dental appointments. [Doc. 40, p. 15, ¶ 67]. Dr. Jackson denied Johnson treatment on at least two occasions, calling Johnson a "trouble maker" for refusing to sign the release and "leaving Mr. Johnson to suffer in extreme pain." *Id.* Johnson believes Dr. Jackson did so "in retaliation for his previous refusal to sign a release absolving all medical staff of any liability for their inadequate medical treatment." *Id.* at ¶ 69. These allegations are sufficient at this stage of the litigation. Johnson makes clear in his complaint that Dr. Jackson's actions were not negligent or even grossly negligent, but rather intentionally calculated to cause severe pain. *See Barton v. Taber*, 820 F.3d 958, 965 (8th Cir. 2016) ("[A] mental state can be inferred . . . from facts that demonstrate that a medical need was obvious and that the . . . response was 'obviously inadequate.'").

Accepting Johnson's factual allegations as true and construing them in the light most favorable to him, Johnson has pled the objective and subjective components of "deliberate indifference" and has provided Dr. Jackson fair notice of his Eighth Amendment claim.

**B. Dr. Jackson's Motion for a More Definitive Statement**

In the alternative, under Federal Rule of Civil Procedure 12(e), Dr. Jackson moves for a more definite statement regarding the date Johnson sought medical care, the date on which Dr. Jackson requested Johnson sign a liability release, the dates of scheduled appointments that were subsequently cancelled or moved, the dates of the two occasions during which he was denied treatment by Dr. Jackson, the amount of time he suffered tooth pain, and Dr. Jackson's involvement in the Algoa inmate grievance procedure. Dr. Jackson contends that, to comply with pleading standards, Johnson must plead specific dates for the alleged violations because "[w]hile

5

Case 2:16-cv-04129-NKL   Document 67   Filed 11/03/16   Page 5 of 6

the 8th Circuit court has found valid Eighth Amendment claims through allegations of delayed or denied treatment ranging from several weeks to several months, each of these claims were found to be valid with the inclusion of the specific amount of time that the treatment was delayed or denied." *Id.* at 5 (citing *Boyd v. Knox*, 47 F.3d 966, 969 (8th Cir. 1995)).

Dr. Jackson's request for specific dates misstates the pleading standard. The facts currently contained within Johnson's Amended Complaint are sufficient to state an Eighth Amendment claim, as discussed above. *See Twombly*, 550 U.S. at 570 (plaintiffs must merely allege "enough facts" to plausibly state a claim for relief). While specific dates will be required in order to find Dr. Jackson liable, the parties can pursue additional specificity in discovery. Johnson is not required to plead more definitive dates at this time.

### III. Conclusion

For the foregoing reasons, Defendant Earnest Jackson's Motion to Dismiss [Doc. 45] is granted in part and denied in part. The claims alleged against Dr. Jackson under Count V are dismissed. However, Dr. Jackson's motion to dismiss Count IV is denied.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: November 3, 2016
Jefferson City, Missouri